IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD E. MEADOWS, JR. ) <br> and AMANDA MEADOWS, ) <br> husband and wife, ) <br> ) <br>         Plaintiffs, ) <br> ) <br>         v. ) <br> ) <br> ANCHOR LONGWALL AND REBUILD, INC., ) <br> a West Virginia Corporation, ) <br> ) <br>         Defendant. ) | Civil Action No. 02-2062 <br><br> Magistrate Judge Amy Reynolds Hay |

ANCHOR LONGWALL AND REBUILD, INC., )
a West Virginia Corporation, )
)
        Third-Party Plaintiff, )
)
        v. )
)
LEWIS-GOETZ AND COMPANY, INC., )
successor in interest of )
Gooding & Shields Rubber Company, )
SYSTEM STECKO, a Division of )
Dayco Europe, Ltd, )
)
        Third-Party Defendants. )

LEWIS-GOETZ AND COMPANY, INC. )
successor in interest of )
Gooding & Shields Rubber Company, )
)
        Cross-Claimant, )
)
        v. )
)
ANCHOR LONGWALL AND REBUILD, INC, )
a West Virginia Corporation, )
)
        Cross-Defendant. )

MEMORANDUM ORDER

HAY, Magistrate Judge

      Plaintiffs, Donald E. Meadows, Jr. and Amanda Meadows, filed a complaint on November 29, 2002, bringing claims for strict liability (Count I), negligence (Count II), breach of warranty (Count III), and emotional distress and loss of consortium (Count IV), after Mr. Meadows was injured while installing a long wall shield at the Maple Creek Mine which had been refurbished by defendant Anchor Longwall and Rebuild, Inc. ("Anchor Longwall"). Specifically, plaintiffs allege that while Mr. Meadows was pressurizing one of the refurbished shields against the mine roof a fitting located in the shut off valve, which had been replaced by Anchor Longwall, malfunctioned and pulled loose from the valve assembly housing striking Mr. Meadows on the right side of his face. As a result, Mr. Meadows has lost his right eye and suffered significant facial scarring.[1]

      Anchor Longwall filed a partial motion for summary judgment on October 17, 2005, in which it argued that it is entitled to judgment on plaintiffs' strict liability claim brought at Count I because Anchor Longwall did not sell or supply a product but merely provided a service which is not subject to strict liability. In response, plaintiffs argued that Anchor Longwall is properly considered a seller because it is in the business of distributing rebuilt products thereby causing them to reenter the stream of commerce. The Court, however, agreed with Anchor Longwall and granted its motion in an Opinion and Order filed April 17, 2006.[2]

---

[1] See Complaint ¶¶ 9, 10 (Dkt. No. 1).

[2] See Dkt. No. 70.

Plaintiffs have now filed a motion for relief from the order granting partial summary judgment and for reconsideration arguing, not why the Court should reconsider its finding that Anchor Longwall is not properly considered a seller or distributor of defective products, but that Anchor Longwall should be held strictly liable because after-discovered evidence shows that Anchor Longwall engaged in "aspects of design" bringing it into the ambit of a manufacturer. In particular, plaintiffs points to the deposition testimony of Edmund Groff, who was a design engineer at Anchor Longwall when the refurbishing project at issue took place, wherein he testified that Anchor Longwall modified the hydraulic system on the mine shields during the refurbishing.

Under Federal Rule of Civil Procedure 60(b), a party may ask the Court for relief from a final judgment, order or proceeding on the basis of newly discovered evidence. Fed. R. Civ. P. 60 (b)(2). See Compass Technology, Inc. v. Tseng Laboratories, Inc., 71 F.3d 1125, 1130 (3d Cir. 1995). Relief should be granted, however, only if the asserted newly discovered evidence: (1) is material and not merely cumulative; (2) could not have been discovered before the grant of summary judgment through the exercise of reasonable diligence; and (3) would have changed the outcome of the litigation. Id.

In the instant case, the record demonstrates that the deposition of Mr. Groff, which plaintiffs claim was after-discovered, was taken on February 24, 2006. The Memorandum and Order granting Anchor Longwall's motion for partial summary judgment, however, was not issued by the Court until May 1, 2006. It therefore appears that the evidence was in plaintiffs' possession and, exercising any diligence at all, should have been known to them well before judgment was entered on plaintiffs' strict liability claim. As such, the second prong of the newly

discovered evidence test has not been met.[3]  See U.S. ex rel Lynch v. Sandahl, 793 F. Supp. 787, 796 (N.D. Ill. 1992) ("[A] motion for reconsideration may not be employed as a vehicle to introduce new evidence that could have been produced prior to the entry of judgment.")

Nor does it appear that Mr. Groff's testimony satisfies the third factor or create a genuine issue for trial on plaintiffs' strict liability claim so as to preclude the granting of summary judgment.

While it is well established that strict liability may be imposed for injuries caused by defects in the design of a product, see Lewis v. Coffing Hoist Division, Duff-Norton Co., 515 Pa. 334, 340, 528 A.2d 590, 592 (1987), citing Azzarello v. Black Brothers Co., 480 Pa. 547, 391 A.2d 1020 (1978), review of Mr. Groff's testimony demonstrates that Anchor Longwall did not design or redesign the longwall shield or its hydraulic system but merely effectuated the modifications requested by the Maple Creek Mine.  Indeed, Mr. Groff testified that the shields' original design included options that the Maple Creek Mine did not want or need and, thus, it sought to have those functions eliminated which required that certain modifications be made.[4]

---

[3]Anchor Longwall also suggests that Mr. Groff's deposition testimony is not properly considered because it was taken on February 24, 2006, which was after discovery was closed. Review of the record demonstrates that discovery initially closed on October 22, 2004, and that Anchor Longwall subsequently filed its motion for partial summary judgment on plaintiffs' strict liability claim on October 17, 2005.  In the interim, on January 11, 2005, Anchor Longwall filed a third-party complaint against Lewis-Goetz and Stecko Systems which spawned related cross-claims and counter claims.  See Dkt. Nos. 27, 30, 37, 40.  Consequently, on November 16, 2005, the Court granted further discovery until March 16, 2006.  Although not expressly stated in the Court's order, it appears that the additional discovery was granted insofar as it related to the third-party complaint and corresponding cross-claims and counter-claims.  As such, to the extent that Mr. Groff's deposition was taken with respect to these matters, it appears to have been timely.

[4]Def. Exh. A: Groff Depo., pp. 74-75.

4

To that end, the Maple Creek Mine sent a sample shield to Anchor Longwall which showed how the hosing kit, which included the valve at issue, was to be assembled so that Anchor Longwall could use it as a pattern while performing the work on the mine's shields.[5]  Groff further testified that the scope of the work and how it was to be carried out was designated by the Maple Creek Mine and relayed to him by Montgomery Equipment Co. ("Montgomery"), through which the Maple Creek Mine contracted to have the work performed, and that, to the extent Groff had input into the scope of work to be performed it was merely to effectuate the modifications requested by the Maple Creek Mine and was subject to approval by the mine.[6]  Indeed, the drawings generated by Mr. Groff, which plaintiffs argue are indicative of redesigning the hydraulic system, appear to be nothing more that diagrams of the work that was to be performed as requested by the Maple Creek Mine.[7]  Moreover, Montgomery's request for a quote for the work requested by the Maple Creek Mine is for labor only and is related to repair work and not design work.[8]

Thus, Mr. Groff's testimony, read as a whole, does not provide the basis for finding that Anchor Longwall redesigned the shields at issue so as to be considered a

---

[5] Def. Exh. A: Groff Depo., p. 47.  See Def. Exh. E: Invoice for pick-up of "Old Ben Mining Shield" from the Maple Creek Mine and delivery to Anchor Longwall indicating "for pattern for shield work."

[6] Def. Exh. A: Groff Depo., pp. 23-27.

[7] Def. Exh. A: Groff Depo., pp. 86-88.

[8] Def. Exh. A: Groff Depo., pp. 83-85.  See Def. Exh. C: Quote request.  Although Anchor Longwall has also made reference to an affidavit from Keith McGilton, General Manager of Longwall Operations for Murray Energy, which is apparently a company affiliated with both the Maple Creek Mine and Anchor Longwall, in which he purportedly states that Anchor Longwall was not requested to design hydraulics, hydraulic circuits, piping schematics or valve placement for the longwall shields, the affidavit, promised upon receipt of the verification, has never been provided.  See Def. Exh. F.

manufacturer. Rather, it reaffirms the Court's earlier finding that Anchor Longwall merely provided a service to the Maple Creek Mine, i.e., restoring, refurbishing and/or rebuilding the longwall shields. While this seemingly required Anchor Longwall to remove, clean, inspect, repair, replace parts and rebuild the shield so as to implement Maple Creek's requested modifications, that does not render Anchor Longwall a designer or manufacturer.[9] Indeed, as already found, Anchor Longwall neither specified nor purchased the valve which allegedly caused Mr. Meadows' injuries but merely attached it to the shield in the course of its repair work unaltered from the way it was received from the manufacturer. To the extent that the repair work was not rendered in a responsible fashion, any concomitant cause of action sounds in negligence and not strict liability. See Lemley v. J&B Tire Co., 426 F. Supp. 1378, 1379-80 (W.D. Pa. 1977).

  Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Because the evidence upon which plaintiffs rely is not newly discovered and nevertheless does not create a genuine issue of material fact regarding Anchor Longwall's role in refurbishing and/or rebuilding the longwall shields, plaintiffs' Motion for Relief from Order Granting Partial Summary Judgment to Defendant Anchor Longwall and Rebuild, Inc. and Motion for Reconsideration (Dkt. No. 74) is DENIED.

---

[9] See Def. Exh C: Quote request.

Dated: 27 July, 2006.

By the Court,

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc:   Richard J. Schubert, Esquire
Lydon & Schubert
825 Grant Building
Pittsburgh, PA 15219

Kathleen S. McAllister, Esquire
DiBella & Geer, P.C.
312 Boulevard of the Allies
Third Floor
Pittsburgh, PA 15222

Lynn E. Bell, Esquire
Davies, McFarland & Carroll, P.C.
One Gateway Center
10th Floor
Pittsburgh, PA 15222

Stanley A. Winikoff, Esquire
Swartz Campbell LLC
4750 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219