IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD E. MEADOWS, JR. and AMANDA MEADOWS, husband and wife, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 02-2062 |
| v. | ) ) | Magistrate Judge Amy Reynolds Hay |
| ANCHOR LONGWALL AND REBUILD, INC., a West Virginia Corporation, | ) ) ) ) | |
| Defendant. | ) | |
| | | |
| ANCHOR LONGWALL AND REBUILD, INC., a West Virginia Corporation, | ) ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| LEWIS-GOETZ AND COMPANY, INC., successor in interest of Gooding & Shields Rubber Company, SYSTEM STECKO, a Division of Dayco Europe, Ltd, | ) ) ) ) ) ) | |
| Third-Party Defendants. | ) | |
| | | |
| LEWIS-GOETZ AND COMPANY, INC. successor in interest of Gooding & Shields Rubber Company, | ) ) ) ) | |
| Cross-Claimant, | ) ) | |
| v. | ) ) | |
| ANCHOR LONGWALL AND REBUILD, INC, a West Virginia Corporation, | ) ) ) ) | |
| Cross-Defendant. | ) | |

MEMORANDUM ORDER

Plaintiffs, Donald E. Meadows, Jr. and Amanda Meadows, filed a complaint on November 29, 2002, bringing claims against Anchor Longwall and Rebuild, Inc. ("Anchor Longwall") for strict liability (Count I), negligence (Count II), breach of warranty (Count III), and emotional distress and loss of consortium (Count IV), after Mr. Meadows was injured while pressurizing a mine shield against the roof of the Maple Creek Mine in Bentley, Pennsylvania, where he was employed. Plaintiffs allege that a fitting located in the shut off valve, which had been replaced by Anchor Longwall during a refurbishing project, malfunctioned and pulled loose from the valve assembly housing striking Mr. Meadows on the right side of his face. As a result, Mr. Meadows lost his right eye. Anchor Longwall filed a third-party complaint seeking contribution and indemnification against Lewis-Goetz and Company, Inc. ("Lewis-Goetz"), the successor-in-interest to Gooding & Shields Rubber Co., which allegedly supplied the valves in question, and Systems Stecko ("Stecko"), which is purported to have designed and manufactured the valves. In addition, Stecko brought a counterclaim against Anchor Longwall and cross-claimed against Lewis-Goetz, and Lewis-Goetz filed cross-claims against Anchor Longwall in which contribution and indemnification were also sought.

Anchor Longwall filed a partial motion for summary judgment on October 17, 2005, in which it argued that it was entitled to judgment on plaintiffs' strict liability claim brought at Count I because Anchor Longwall did not sell or supply a product but merely provided a service which is not subject to strict liability. The Court agreed and in an Opinion and Order filed April 17, 2006, granted judgment in favor of Anchor Longwall at Count I of the complaint.

Following a further round of motions, the Court granted summary judgment in

favor of Lewis-Goetz because there was no evidence of record to support a finding that the offending valve was supplied by Lewis-Goetz.  As well, the Court granted summary judgment in favor of Stecko on Anchor Longwall's claim for indemnification finding that indemnity is not a cost sharing mechanism but a right that inures to a party who without active fault on his or her part has been compelled by reason of some legal obligation to pay damages occasioned by the negligence of another and for which that person is only secondarily liable.  Because the only claims remaining against Anchor Longwall sound in negligence, if Anchor Longwall is found liable to plaintiffs it will be for its own negligent acts and not because of some legal obligation to pay damages occasioned by the negligence of another and, thus, under Pennsylvania law, Anchor Longwall would not be entitled to indemnification.

Although not specifically raised by Stecko, it appears that Stecko is also entitled to summary judgment on Anchor Longwall's previously asserted third-party claim of contribution.  The parties were provided the opportunity to brief the issue of a *sua sponte* dismissal of Stecko.  See Doc. 107.  "It has long been established that, under the right circumstances, district courts are entitled to enter summary judgment sua sponte.  The court may not enter judgment, however, without placing the adversarial party on notice that the court is considering a sua sponte summary judgment motion and providing that party an opportunity to present relevant evidence in opposition to that motion.  Notice is satisfied if the targeted party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward."  Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006)(internal citations and quotations omitted).  The adversarial party, here Anchor Longwall, did not file any brief in opposition.

Anchor Longwall asserted in its Third Party Complaint that in the event it was found liable on Plaintiffs' claims, the damages sustained by the Plaintiffs "were caused solely by the acts and omissions and/or the defective products and devices of ... Stecko." Doc. 30, ¶ 14. However, following the close of discovery and the filing of pretrial briefs and statements, it now appears that Anchor Longwall has abandoned any claim of contribution against Stecko as a joint tortfeasor. In its Pretrial Narrative Statement, Anchor Longwall indicated that the grant of "summary judgment in favor to System Stecko as to the indemnification claim brought by Anchor Longwall [] effectively [dismissed] System Stecko from the case." Doc. 101, p. 3. Further, Anchor Longwall's trial posture is that it was not negligent in its refurbishing of the shield and "[a]ny defect in the valve which caused the injury to Mr. Meadows occurred after the shield arrived at the mine in December of 2000," that is, after Anchor Longwall's refurbishment. Id. Anchor Longwall's expert opines that "[t]here are no manufacturing defects in any of the valve components." Doc. 101, p. 12.

Anchor Longwall is the party with the burden of proof against Stecko as it is the only party to assert a claim against Stecko. To date, Anchor Longwall has not opposed summary judgment in favor of Stecko, has produced no evidence against Stecko and filed no expert report that Stecko was negligent in this matter. As discussed, Anchor Longwall does not now assert, nor could it sustain, a claim of contribution against Stecko. Therefore, summary judgment is properly awarded sua sponte in favor of Stecko on the contribution claim.

The Plaintiffs argue that because *their* expert has opined in his report that Mr. Meadows' injury was caused by a defective valve a genuine issue of material fact exists precluding dismissal of Stecko. Assuming for the sake of argument that the expert continues to

adhere to this opinion, the opinion is irrelevant because Plaintiff cannot recover against Stecko. Pursuant to Rule 14 of the Federal Rules of Civil Procedure, a plaintiff cannot recover against a third-party defendant unless plaintiff amends his complaint and files a direct action against the third-party defendant.  Fed.R.Civ.P. 14; George v. Brehm, 246 F.Supp. 242, 246 (W.D.Pa. 1965). Plaintiffs had until February 16, 2006, to amend their complaint but never did so.

Plaintiffs' reliance on Majocha v. Turner, 166 F.Supp.2d 316, 323 (W.D. Pa. 2001) and Bleyer v. Ill. Tool Works, Inc., 2002 WL 32341782 (E.D.Pa. Dec. 30, 2002) is misplaced.  In both cases the non-moving party, that is, the adversarial party, produced evidence in response to the pending summary judgment motion, which the court found raised issues of material fact.  Here, plaintiffs are not the non-moving, adversarial party; Anchor Longwall is. Moreover, plaintiffs are seeking to introduce evidence against a third-party defendant whom they have not sued directly as required under Rule 14, in an attempt to prove a claim that belongs only to Anchor Longwall, who has concededly abandoned that claim.  The Court finds no support in the aforementioned cases or any other cases that would permit what Plaintiffs propose.

For the above stated reasons, IT IS HEREBY ORDERED this 5th day of January, 2007, that summary judgment is granted in favor of System Stecko on Anchor Longwall's claim for contribution.

By the Court,

/s/   Amy Reynolds Hay
United States Magistrate Judge

cc: Richard J. Schubert, Esquire
Lydon & Schubert
825 Grant Building
Pittsburgh, PA 15219

Kathleen S. McAllister, Esquire
DiBella & Geer, P.C.
312 Boulevard of the Allies
Third Floor
Pittsburgh, PA 15222

Lynn E. Bell, Esquire
Davies, McFarland & Carroll, P.C.
One Gateway Center
10th Floor
Pittsburgh, PA 15222

Stanley A. Winikoff, Esquire
Swartz Campbell LLC
4750 U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219